IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| BENJAMIN CROSSWHITE,<br><br>            Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORP.,<br><br>            Defendant. | Case No. 6:21-CV-00015-EKD |

**REPLY OF DEFENDANT REUTERS NEWS & MEDIA, INC. (INCORRECTLY SUED HEREIN AS THOMSON REUTERS CORP.) IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

The grounds for dismissal of this case are unremarkable: Plaintiff's Complaint is time-barred by the Virginia statute of limitations for defamation claims as recently reinforced by the United States Court of Appeals for the Fourth Circuit in *Lokhova v. Halper*, 995 F.3d 134 (4th Cir. 2021). Plaintiff's opposition brief (hereinafter, the "Opposition"), on the other hand, *is* remarkable: it entirely ignores controlling Fourth Circuit law and the facts of this case. Indeed, the Opposition makes *verbatim*, the very same arguments Plaintiff's counsel made *and lost* in *Lokhova*; it does not even attempt to distinguish it. The Opposition, therefore, both underscores the weaknesses of Plaintiff's claim and makes clear this case was not brought in good faith to seek recovery but instead to harass Reuters for publishing truthful speech that Plaintiff just did not like. Plaintiff's claim is time-barred and, even if it were not, he failed to plead the existence of a false, defamatory fact about him.

This Court should, therefore, dismiss this case and sanction Plaintiff's counsel for bringing it.

## ARGUMENT

**I.    PLAINTIFF'S CLAIM IS TIME BARRED**

Plaintiff's claim is time-barred by Virginia's one-year statute of limitations for defamation actions. *See* Va. Code § 8.01-247.1. As set forth in Defendant's opening brief in support of this motion (hereinafter, "Opening Brief"), the articles at issue were published on August 26, 2019 and September 12, 2019 (the "Articles"),[1] respectively, well outside the statute of limitations, even taking into account the Virginia COVID-19 tolling period. The Complaint should be dismissed on this basis alone.

---

[1] If not expressly defined in this Reply Brief, the defined terms and abbreviations are those used in the Opening Brief.

2

In response, Plaintiff argues that the statute of limitations was restarted as against Reuters because other parties, one affiliated with Reuters and all others not, retweeted a hyperlink to the Articles within the statute of limitations. This is precisely the argument that Plaintiff's counsel made and lost in *Lokhova* – in fact, pages 6-8 of the Opposition are cut and pasted (including the bold underlines for emphasis) directly from pages 25-28 of Plaintiff's losing brief in *Lokhova*.

But the *Lokhova* decision—which Plaintiff utterly fails to address—directly dispenses with Plaintiff's arguments here in two separate ways.[2]  *First*, the *Lokhova* court rejected Plaintiff's counsel's arguments that tweeting a hyperlink to an alleged defamatory article was a republication that restarted the statute of limitations. 995 F.3d at 143. In *Lokhova*, Plaintiff, a Russian-born academic, sued various news organizations and an individual political operative (alleged to be the source for the news organizations), alleging defamation and other derivative claims for alleged statements that "she was a Russian spy," and that as part of her intelligence-gathering, she engaged in an affair with General Michael Flynn. *Id.* at 139. The original statements were published in a *New York Times* article well over a year before the complaint was filed. *Id.* at 140. Nonetheless, Plaintiff's counsel argued that the claim as based on the article was not time barred because it was "republished" when the original article containing the statements was "hyperlinked in a later *New York Times* article." *Id.* at 143. The Fourth Circuit rejected this argument and held the hyperlink did not constitute a republication because "a mere reference to an article . . . does not republish the material." *Id.* (quoting *In re Phila. Newspapers*, 690 F.3d 161, 175 (3rd Cir. 2012)).

---

[2] Plaintiff's only real discussion of the *Lokhova* decision is to express support for the dissenting opinion in that case. Opp. at n. 5.

Plaintiff makes that same flawed argument. As in *Lokhova,* Plaintiff argues that Reuters republished the Article, and thus restarted the statute of limitations, when a Reuters employee tweeted the hyperlink to one of the original Articles and included the Twitter handle for two Reuters reporters.[3] Compl. ¶ 23; Opp. at 8-10. This is incorrect, as a matter of law.

In *Lokhova*, plaintiff argued that where "the hyperlink in question included additional content that would constitute republication is a factual question that should survive a motion to dismiss." 995 F.3d at 143. The Fourth Circuit expressly rejected that argument, holding that a hyperlink that references an earlier article did not constitute a republication because it "served as a reference for the [publication's] existing audience and did not direct the old article to a new audience." *Id.* Here, the Reuters employee's tweet solely included a hyperlink that had already been posted on Twitter, as Plaintiff acknowledges in his Complaint. Compl. ¶ 15.

*Lokhova* concluded that a subsequent publication must add to or alter the *original* publication in some way. *Lokhova*, 995 F.3d at 142-43 ("[A] link is akin to the release of an additional copy of the same edition of a publication because it does not alter the substance of the original publication.") (citing *In re Phila. Newspapers*, 690 F.3d 151, 174 (3rd Cir. 2012)). Plaintiff does not and cannot allege that any change was made to the original Articles. As a result, here, as in *Lokhova*, there is no republication.

---

[3] The tweet did not contain any additional information relevant to Plaintiff. Plaintiff falsely suggests the tweet contains the words "pool boy." Opp. at 9. It does not. It states: "Other great reporting on Falwell & Liberty U. by @AramRoston @jschney". Compl. ¶ 23. Also, the tweet does not "tag" the @Reuters or @specialreports accounts; it replied to them. Plaintiff therefore wrong when he argues that the Reuters employee "republished the August and Article to over 23,000,000 third-parties [sic]." Opp. at 9 & n.6.

*Second*, *Lokhova* rejected the argument that third party tweets restarted the clock on the statute of limitations, *id.* at 144, an argument Plaintiff's counsel made in *Lokhova* without, as the Fourth Circuit noted, citing any "cases that are directly on point." *Id.* Instead, there, as here, Plaintiff relied on *Weaver v. Beneficial Finance Co.*, 199 Va. 196, 98 S.E.2d 687 (Va. 1957). But the Fourth Circuit was unpersuaded by Plaintiff's counsel's argument about *Weaver*, holding that *Weaver* did not apply in this context because "*Weaver* itself . . . recognized a distinction when applying republication rules to 'newspapers and magazines' as opposed to individuals," and that with respect to newspapers, the "single publication rule is the preferable one." 995 F.3d at 144-45 (citing *Weaver*, 98 S.E. 2d at 689-90); Opp. at 7-8. As such, the Fourth Circuit found that *Weaver* "does not require holding third party tweets constitute republication" and that this was "bolstered by the weight of persuasive authority analyzing the precise issue at hand and reaching the same conclusion." *Id.* at 144. *Weaver* is no more persuasive here than it was to the Court in *Lokhova*, because Reuters, like the *New York Times*, is a news organization. Third party tweets that hyperlink to the Articles, therefore, do not restart the statute of limitations.

Because Plaintiff filed this lawsuit well after the one-year statute of limitations (even with tolling for COVID-19) and hyperlinks do not constitute republication, his claim is time-barred and should be dismissed.[4]

---

[4] Plaintiff cites several cases in his brief that he claims stand for the proposition that hyperlinking in tweets restart the statute of limitations. These are precisely the same cites Plaintiff's counsel relied on unsuccessfully in *Lokhova*. And they are no more persuasive here than they were to the Fourth Circuit. For example, Plaintiff relies on *Dragulescu v. Va. Union Univ.* for the proposition that a defendant is liable for third-party republication if the republication was the "natural and probable consequence of the original publication or if defendants actually or presumptively authorized its republication." Opp. at 3, 6 & n. 1 (citing 223 F. Supp. 3d 499, 509 (E.D. Va. 2016)). Plaintiff's citation to this case is misleading—the court in that case in fact held that the "single publication rule" applied because any

5

## II.     THE ARTICLE IS NOT DEFAMATORY OF PLAINTIFF

In addition, as set forth in the Opening Brief, even if this were a timely claim, it must still be dismissed because the Article is not defamatory of Plaintiff.  In response, Plaintiff makes a series of conclusory and irrelevant points that do not alter the fact that the identified statements are non-actionable by him because the alleged defamatory sting of those statements is not about Plaintiff.

*First*, Plaintiff asserts that the identified statements are "of and concerning" him because the Articles name him and identify him as Mr. Falwell's personal trainer. Opp. at 11-12.  But, to satisfy the of and concerning element, it is not enough that the Plaintiff be named in the Article.  Instead, the alleged defamatory statements themselves must be about Plaintiff. Opening Br. at 11-12; *Lokhova*, 995 F.3d at 146; *Webb v. Virginian-Pilot Media Co.*, 287 Va. 84, 90, 752 S.E.2d 808, 811-12 (Va. 2014).  And here, they are not—to the extent the Articles contain any criticism at all it is of Mr. Falwell's behavior towards Plaintiff in providing favorable treatment to Plaintiff—it is not critical of Plaintiff for receiving it.  In this way, this case is again like *Lokhova*.  There, the Plaintiff alleged she was defamed because the articles

---

"subsequent viewings of one allegedly defamatory document do not constitute successive publications." *Dragulescu*, 223 F. Supp. 3d at 512.  Plaintiff also cited to *Eramo v. Rolling Stone, LLC*, 209 F. Supp. 3d 862, 879 (W.D. Va. 2016) but that case held not that a hyperlink to an earlier article was a republication, but that a *new* editor's note appended to an original article and located at a separate URL may constitute a republication. *Eramo*, 209 F. Supp. 3d at 879-80.  It is inapposite.  Plaintiff next cited to *Gilmore v. Jones*, but that case is irrelevant because it held that a defendant who subsequently republished a defamatory statement originally published by someone else could be held as liable as the original defamer.  370 F. Supp. 3d 630, 658 & n.30 (W.D. Va. 2019).  That is not at issue here – Plaintiff does not allege that Reuters republished someone else's defamatory statement.  Finally, *Doe v. Roe*, 295 F. Supp. 3d 664, 670 (E.D. Va. 2018), relied on by Plaintiff, did not involve a news publication, such as a newspaper or a magazine, but rather an individual verbally discussing statements about the plaintiff—a situation to which the single publication rule was not applicable. *See id.* at 671-72 & n.8.

6

suggested she received preferential treatment from General Flynn. *Lokhova*, 995 F.3d at 146. The Court rejected that argument, holding that the article did "not state or suggest that [Appellant] undertook any affirmative action to arrange or endorse the attention from General Flynn." *Id.* (citing *Webb*, 287 Va. 84, 90, 752 S.E.2d 808, 811-12). Here, as there, nothing in the Articles state or imply that Plaintiff took any affirmative action to procure the land deal from Mr. Falwell. The Articles are not defamatory of Plaintiff.[5]

*Next*, Plaintiff makes conclusory statements that, when viewed in the "broader context of the controversies surrounding Falwell in 2019 and 2020," the Articles imply that "Plaintiff participated in a corrupt, sham land deal" and that Reuters "juxtaposed a series of facts so as to falsely imply a defamatory connection between them." Opp. at 14. But Plaintiff does not identify how this implication is made, nor does Plaintiff respond to the cases cited in the Opening Brief. Moreover, in a case for defamation-by-implication, the alleged implication "must be reasonably drawn from the words actually used," but the alleged defamatory language "can not, by innuendo, be extended beyond its ordinary and common acceptance . . . it can not introduce new matter, nor extend the meaning of the words used, or make that certain which is in fact uncertain." *Webb*, 287 Va. at 90, 752 S.E.2d at 811 (quoting *Carwile v. Richmond Newspapers*, 196 Va. 1, 8, 82 S.E.2d 588, 592 (Va. 1954)); Opening Br. at 10-

---

[5] In a footnote, Plaintiff argues that Reuters conceded the requisite intent for defamation and confoundingly cites to his own Complaint. Opp. at n.2. This is incorrect. For the avoidance of doubt, Reuters does not concede the requisite intent for defamation. To the extent Plaintiff argues that Reuters' lack of argument in the Opening Brief is a concession, this is not the case. *See* Federal Rules of Civil Procedure Rule 12(h) ("Failure to state a claim upon which relief can be granted . . . may be raised" at any time through trial.).

4814-8267-9033v.7 0103142-000022

11. Like in *Lokhova* and *Webb*, there is no reasonable implication that Plaintiff's actions were somehow untoward because he accepted a land deal from Mr. Falwell.[6]

In short, Plaintiff has failed to plead that Reuters published defamatory statements against him and the Complaint must be dismissed.[7]

## III.     DEFENDANT IS ENTITLED TO COSTS AND FEES.

Finally, Plaintiff's Opposition, which literally copies and pastes the same argument already rejected by the Fourth Circuit, shows the extent to which Plaintiff's counsel has multiplied the proceedings unreasonably and vexatiously. *See NEXUS Servs., Inc. v. Moran*, No. 5:16-cv-00035, 2018 WL 1461750, at *12-13 (W.D. Va. Mar. 23, 2018), *aff'd*, 750 F. App'x 241 (4th Cir. 2019) (assessing fees under 28 U.S.C. § 1927 in part for "clearly meritless" claims and "bad faith" conduct on the part of counsel); *Sweetland v. Bank of Am. Corp.*, 241 F. App'x 92, 97 (4th Cir. 2007) (per curiam) (affirming sanctions where counsel "pursued plaintiffs' claims well after he knew that evidentiary support for the allegations would not be forthcoming"). If these arguments did not win before the Fourth Circuit, they cannot win in this Court. This court should, therefore, again follow the lead of the District

---

[6] Plaintiff seems to argue that the statements identified in the Complaint are defamatory *per se* because they impute "unfitness to perform the duties of an office or employment of profit, or want of integrity in the discharge of the duties of such an office or employment." Opp. at 12-13 (citing *Tronfeld v. Nationwide Insurance Company*, 272 Va. 709, 713, 636 S.E.2d 447 (Va. 2006)). None of the statements identified in the Complaint discuss Plaintiff's integrity in his career, his fitness as a personal trainer, or his ability to engage with his clients. Compl. ¶ 20.

[7] Plaintiff also confusingly states that Defendant "chose not to move for a more definite statement pursuant to Rule 12(e)," and that the "circumstances of publication and republication can be obtained through discovery," but Defendant is not required to move for a more definite statement, nor is the clarity of the statements identified at issue. Opp. at 6, n.3; *see* Federal Rules of Civil Procedure Rule 12(e) ("A party *may* move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.") (emphasis added). Discovery is also not appropriate at this point in the litigation.

Court in *Lokhova*, and award Reuters the costs and fees associated with defending this frivolous lawsuit. *Lokhova v. Halper*, 1:20-cv-01603, 2021 WL 2903237, at *8-9 (E.D. Va. July 9, 2021).

## IV. CONCLUSION.

Plaintiff's claim is clearly time-barred and, in any event, Plaintiff has failed to adequately state a claim for defamation. The Complaint should be dismissed.

Dated: September 3rd, 2021

Respectfully submitted,

/s/ Patrick J. Curran Jr.

Patrick John Curran Jr. (VA Bar No. 86144)
Davis Wright Tremaine LLP
1301 K Street, NW, Suite 500 East
Washington, DC 20005
Ph: 202-973-4200
Fax: 202-973-4499
patcurran@dwt.com

Katherine M. Bolger (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Ph: 212-402-4068
Fax: 212-489-8340
katebolger@dwt.com

Abigail Zeitlin (*pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa Street
Suite 2400
Los Angeles, CA 90017
Ph: 213-633-8614
Fax: 213-633-6899
abigailzeitlin@dwt.com

9


```
```


---


## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2021, a true and correct copy of the foregoing was served upon all counsel of record via use of the Court's ECF system and email.

/s/ Patrick J. Curran Jr.
Patrick John Curran