IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| BENJAMIN CROSSWHITE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case 6:21-cv-00015-NKM |
| ) | |
| ) | |
| REUTERS NEWS & MEDIA, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

# PLAINTIFF'S STATEMENT OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Benjamin Crosswhite ("Plaintiff"), by counsel, respectfully submits this Statement of Supplemental Authority in Opposition to the motion to dismiss filed by defendant, Reuters News & Media, Inc. ("Defendant").

**Defendant Republished the Articles**

1.  *Nunes v. Lizza*, 12 4th 890, 900-901 (8th Cir. Sept. 15, 2021).

"Nunes's initial complaint was filed on September 30, 2019. The complaint alleged that the 'strong defamatory gist and false implication' of the article was that he 'was involved in, covered-up, used his office to cover up, conspired with others to conceal, or was aware of criminal wrongdoing.' The next paragraph of the complaint makes clear that the 'criminal wrongdoing' to which Nunes referred was the farm's alleged use of undocumented labor. The complaint denied that Nunes had any involvement in the farm's 'operations,' denied that there was a 'secret' involving the

1

farm's move to Iowa and his alleged hypocrisy on immigration policy, and denied that he 'was involved in, covered-up, … conspired with others to conceal, or was aware of criminal wrongdoing.'"

"Nonetheless, on November 20, 2019, Lizza posted a tweet with a link to the article. Lizza's tweet stated: 'I noticed that Devin Nunes is in the news. If you're interested in a strange tale about Nunes, small-town Iowa, the complexities of immigration policy, a few car chases, and lots of cows, I've got a story for you.' As discussed, the complaint plausibly alleges that the article defames Nunes by implication."

"Lizza and Hearst contend that Lizza's tweet of a link to the original article does not constitute republication of the article. They cite *Sundance Image Technology, Inc. v. Cone Editions Press, Ltd.*, 2007 WL 935703 (S.D. Cal. 2007), which held that providing links to previous publications on a website, without more, was not republication. *Id.* at *7. And other courts have concluded that 'mere reference to an article,' *In re Phila. Newspapers, LLC*, 690 F.3d 161, 175 (3rd Cir. 2012), or a 'mere hyperlink,' *Lokhova v. Halper*, 995 F.3d 134, 143 (4th Cir. 2021), without more, is not a republication. **But these decisions do not hold categorically that hyperlinking to an original publication never constitutes republication**." (emphasis added).

"The complaint here adequately alleges that Lizza intended to reach and actually reached a new audience by publishing a tweet about Nunes and a link to the article. In November 2019, Lizza was on notice of the article's alleged defamatory implication by virtue of this lawsuit. The complaint alleges that he then consciously presented the material to a new audience by encouraging readers to peruse his 'strange tale' about 'immigration policy,' and promoting that 'I've got a story for you.' Under those

circumstances, the complaint sufficiently alleges that Lizza republished the article after he knew that the Congressman denied knowledge of undocumented labor on the farm or participation in any conspiracy to hide it."[1]

## Plaintiff Alleges Republication

In paragraph 23 of the complaint, Plaintiff alleges that Reuters republished the August Article on August 24, 2020 – within a year of the commencement of this action on March 25, 2021 – when Lawrence Delevingne (Delevingne"), a financial enterprise journalist for Reuters, retweeted the Article to his 10,800 followers: https://twitter.com/ldelevingne/status/1297949389605011457.[2]

Like the defendant in *Nunes*, Delevingne clearly republished the Article. He intended to reach and actually reached a new audience by republishing a tweet about the prior reporting on Crosswhite and Falwell and a link to the Article. The tweet includes a picture of Falwell and a statement from the Article that "Falwell steered Liberty University land deal benefitting his personal trainer [Crosswhite]". Delevingne consciously presented the material to a new audience by promoting the Article and

---

[1] In *Eramo v. Rolling Stone, LLC*, the Court held that "republication occurs when the speaker has 'affirmatively reiterated' the statement … or redistributes the material with the goal of reaching a new audience … Under Virginia defamation law, the question of whether plaintiff has proved the element of publication is a factual one for the jury. It follows, then, that republication is also for the factfinder to determine … Here, it is not disputed that defendants appended the original Article. However, a reasonable jury could find that the defendants did not act with intent to recruit a new audience. Likewise, there is a genuine dispute regarding whether defendants 'affirmatively reiterated' the challenged statements … the doctrine of republication 'focuses upon audience recruitment'". 209 F.Supp.3d 862, 879-880 (W.D. Va. 2016). **Here, the question whether Reuters republished the false and defamatory statements is a factual one for the jury.**

[2] Lawrence Delevigne is an employee of Reuters. He republished the Article in August 2020 in the ordinary course of promoting Reuters' business and the Article. [*Complaint, fn. 5*].

3

encouraging readers to peruse "other great reporting on Falwell & Liberty U by @AramRoston @jschney":



By referring to the Article as "great reporting" and by re-posting substantive information from the Article, Delevingne vouched for the truth of the article and republished it. *See Larue v. Brown*, 235 Ariz. 440, 333 P.3d 767, 773 (Ariz. App. 2014) (the court held that there was republication when the author of an online article responded to reader comments by re-urging the truth of the article and posting additional substantive information). The complaint alleges that republication occurred "within the past year" and "was the natural, foreseeable, reasonably expected and probable consequence of Reuters' actions and was actually and/or presumptively authorized by Reuters." [*Complaint, ¶¶ 27-28*]. Viewed in the light most favorable to Plaintiff, the complaint sufficiently alleges that Reuters republished the Article on August 24, 2020 such that this action is timely.

## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated, Plaintiff respectfully requests the Court to deny Reuters' motion to dismiss.

DATED:     November 19, 2021

BENJAMIN CROSSWHITE

By: */s/ Steven S. Biss*
   Steven S. Biss (VSB # 32972)
   300 West Main Street, Suite 102
   Charlottesville, Virginia 22903
   Telephone:   (804) 501-8272
   Facsimile:   (202) 318-4098
   Email:       stevenbiss@earthlink.net

*Counsel for the Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:   */s/ Steven S. Biss*
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone: (804) 501-8272
        Facsimile: (202) 318-4098
        Email: stevenbiss@earthlink.net

*Counsel for the Plaintiff*