IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| BENJAMIN CROSSWHITE,<br><br>          Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORP.,<br><br>          Defendant. | Case No. 6:21-CV-00015-EKD |

**DEFENDANT REUTERS NEWS & MEDIA, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF SUPPLEMENTAL AUTHORITY**

On November 19, 2021, Plaintiff filed a Statement of Supplemental Authority in Opposition to Defendant's Motion to Dismiss (hereinafter, "Statement").  Dkt. 25.  In the Statement, Plaintiff relies heavily on the recent Eighth Circuit decision, *Nunes v. Lizza*, 12 F.4th 890 (8th Cir. 2021), for the proposition that subsequent Tweets of the article at issue, including one by a Reuters journalist, act as a republication of the original articles published by Defendant Reuters News & Media Inc. ("Reuters") and therefore restart the clock on the statute of limitations.

This argument is unavailing for two reasons.  *First, Nunes* is an Eighth Circuit decision and is not binding on this Court.  *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir.), *reh'g en banc granted*, 981 F.3d 311 (4th Cir. 2020) ("Congress deliberately created a system of regional courts of appeals whose decisions are not binding on one another.") (citing *Virginia Soc'y for Hum. Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir. 2001), *overruled on other grounds by The Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544 (4th Cir. 2012)).  Accordingly, this Court need not consider it in reaching its decision.  On the contrary, this Court must follow the Fourth Circuit decision in *Lokhova v. Halper*, 995 F. 3d 134 (4th Cir. 2021), in which the Fourth Circuit held that subsequent publication of "a mere hyperlink, without more, cannot constitute a republication" of the original article such that the statute of limitations is restarted  *Id.*  at 142-43.  *See Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 337 n.7 (4th Cir. 1996) ("[W]e are bound to apply circuit precedent until it is either overruled *en banc* or superseded by a decision of the Supreme Court.") (citing *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 840-41 (4th Cir. 1990)).

*Second*, *Nunes* is meaningfully factually inapposite to both this case and *Lokhova*. The decision in *Nunes* did not involve the argument that Plaintiff makes here. Here, Plaintiff argues that the retweeting of a hyperlink to an alleged defamatory article by third parties and by a journalist affiliated with Reuters was a republication of the original article such that the statute of limitations as against Reuters restarted. But *Nunes* did not involve a statute of limitations at all. On the contrary, the *Nunes* court addressed whether a Tweet by an individual journalist who retweeted an article created a new cause of action based on the article as against that journalist for "repeat[ing] a defamatory statement or implication after being informed of its falsity" because doing so could generate "an inference of actual malice." *Id.* at 900 (citing *Bertrand v. Mullin*, 846 N.W.2d 884, 901 (Iowa 2014)). In other words, it did not involve reviving a time-barred claim, but instead with creating a new one. *Lokhova*, on the other hand, dealt expressly with the question at issue here, and concluded that a subsequent retweet containing a "mere hyperlink" to an article *cannot* revive a time-barred claim based on that article. *Nunes* is simply inapposite; *Lokhova* is directly on point.[1]

In addition, the Tweets at issue in *Nunes*, unlike the Tweets at issue here, contained more than a "mere hyperlink." *Id.* at 900 (distinguishing *Lokhova v. Halper*, 995 F.3d 134, 143 (4th. Cir. 2021)). Initially, many of the Tweets at issue here are not published by individuals associated with Reuters. And the one Tweet published by a Reuters journalist is

---

[1] In addition, in *Nunes*, the writer's retweet of the article happened *after the* Nunes *lawsuit had already been filed*. *See id.* (original complaint filed September 30, 2019 and article retweeted on November 20, 2019). The Court found that the defendant "was on notice of the article's alleged defamatory implication by virtue of this lawsuit" and defendant republished the article "after he knew that [plaintiff] denied knowledge of undocumented labor on the farm or participation in any conspiracy to hide it." *Id.* at 900-01. In this case, all of the Tweets cited by Plaintiff were posted well before the Complaint was filed in this case on March 25, 2021. Dkt. 1.

nothing like the Tweet as issue in *Nunes*. In *Nunes*, the defendant "encourage[ed] readers to peruse his 'strange tale' about 'immigration policy,' and promoting that 'I've got a story for you.'" *Id.* at 900-01. In other words, the Tweet itself contained additional statements with potentially defamatory implications. In this case, the one tweet Plaintiff points to from a Reuters-affiliated individual does not make additional statements. Instead, that one Tweet, by Lawrence Delevingne from August 24, 2020, which states "Other great reporting on Falwell & Liberty U. by @Aram Roston @jschney" and provides the link to the article, Compl. ¶¶ 15, 28; Dkt. 25 at 4, contains no statements repeating elements of the original articles or making additional statements about Plaintiff. This Tweet is a "mere reference to an article," which the decision in *Nunes* itself noted this is not enough to constitute a republication. *See Nunes*, 12 F.4th at 900 (citing *In re Phila. Newspapers, LLC*, 690 F.3d 161, 175 (3d Cir. 2012)). For all these reasons, *Nunes* does not apply to the instant case.

  *Finally*, to the extent *Nunes* holds any relevance because it concludes that a hyperlink can constitute a republication, this Court should reject its reasoning as inconsistent not just with *Lokhova*, but with the great weight of authority. Courts of Appeals throughout the country have held that the single-publication rule applies to online publishers. *See, e.g.*, *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 615 (7th Cir. 2013); *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1129 (9th Cir. 2006). That rule provides that the original publication of a work of mass media constitutes one publication and may only support one cause of action, even if it is distributed after its initial publication, Restatement (Second) of Torts § 577A (1977)). More specifically, many Courts of Appeals, including the Eighth Circuit, have held that the single publication rule bars causes of action based on subsequent hyperlinks to an original publication. *See Shepard v. TheHuffingtonPost.com*, 509 F. App'x

556 (8th Cir. 2013) (affirming *Shepard v. TheHuffingtonPost.com*, 2012 WL 5584615, at *1 (D. Minn. Nov. 15, 2012)); *see also Lokhova*, 995 F.3d at 143; *Clark v. Viacom Int'l*, 617 F. App'x 495, 505 (6th Cir. 2015); *In re Phila. Newspapers*, 690 F.3d 161, 175 (3d Cir. 2012). This provides significant protection to online publishers because it ensures that the statute of limitations for publication-based torts is not retriggered *ad infinitum* any time the online publication is revisited or re-linked. To the extent that *Nunes* can be read to reach an opposite conclusion, it is inconsistent with this precedent.

The recent *Nunes* decision should have no effect on this Court's decision. *Nunes* is not binding on this Court and, regardless, it is a factually distinguishable case from the one at hand. As a result, we respectfully request the Court grant Defendant Reuters' Motion to Dismiss.

Dated: November 26, 2021                    Respectfully submitted,

/*s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr. (VA Bar No. 86144)
Davis Wright Tremaine LLP
1301 K Street, NW, Suite 500 East
Washington, DC 20005
Ph: 202-973-4200
Fax: 202-973-4499
patcurran@dwt.com

Katherine M. Bolger (*pro hac vice*)
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020
Ph: 212-402-4068
Fax: 212-489-8340
katebolger@dwt.com

Abigail Zeitlin (*pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa Street
Suite 2400

Los Angeles, CA 90017
Ph: 213-633-8614
Fax: 213-633-6899
abigailzeitlin@dwt.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of November, 2021, a true and correct copy of the foregoing was served upon all counsel of record via use of the Court's ECF system and email.

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr.